1  PETER K. STRIS (SBN 216226)
   peter.stris@strismaher.com
2  ELIZABETH R. BRANNEN (SBN 226234)
   elizabeth.brannen@strismaher.com
3  HANNA CHANDOO (SBN 306973)
   hanna.chandoo@strismaher.com
4  STRIS & MAHER LLP
   725 South Figueroa Street, Suite 1830
5  Los Angeles, CA 90017
   Telephone:  (213) 995-6800
6  Facsimile:  (213) 261-0299

7  *Attorneys for Plaintiffs*
   Dual Diagnosis Treatment Center, Inc.,
8  Satya Health of California, Inc., and
   Vedanta Laboratories, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| DUAL DIAGNOSIS TREATMENT CENTER, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN CLEMENTE, et al.,<br><br>Defendants. | Case No. 8:15-cv-01611-CJC-JCG<br>Judge: Hon. Cormac J. Carney<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Trial Date: September 12, 2017 |

Plaintiffs Dual Diagnosis Treatment Center, Inc., Satya Health of California, Inc., and Vedanta Laboratories, Inc. ("Plaintiffs") and Defendants City of San Clemente and the City Council of San Clemente ("Defendants" or the "City"), through their respective counsels of record, hereby stipulate and request that the Court enter an order as follows:

## 1. DEFINITIONS AND STATEMENT OF GOOD CAUSE

The terms defined in this Section shall, throughout this Order, have the meanings herein provided. Defined terms may be used in the singular or in the plural.

1.1 "Designating party" means the party designating any information which it either produces, is asked to produce, or whose information is sought from or produced by any other person as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

1.2 "Receiving Party" means the party receiving or requesting production of information designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

1.3 "Confidential Information" means any information, whether or not embodied in any physical medium, used (or commercially scheduled to be used) by the Designating Party in or pertaining to its trade or business that is not generally known and as to which there is an overriding interest that overcomes the right of access to the record. Any summary, compilation or copy of any Confidential Information shall also constitute Confidential Information.

1.4 "Attorney's Eyes Only Information" means that subset of information meeting the definition of "Confidential Information" set forth in Paragraph 1.3 above

and that is so highly sensitive that disclosure beyond the limits set forth in Section 5 below would create a substantial risk of serious injury that could not be avoided by less restrictive means. The Designating Party shall bear the ultimate burden of proving that any information it has designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" meets the foregoing definition.

1.5 "Reporting Party" means any natural person who has furnished information purporting to disclose a violation of a law of the United States, the State of California, or the City of San Clemente, in confidence, to the City or to any law enforcement officer or agency. "Reporting Party" shall specifically include, but is not limited to, any natural person who has submitted such a complaint to the City through 1) the City's eTRAKiT online reporting portal; 2) email communication to codeenforcement@san-clemente.org; or 3) telephone or email communication to any person then employed by the City.

1.6 "Personal Identifying Information" is defined in Penal Code section 530.55(b), and that definition is incorporated by reference as if fully set forth herein.

1.7 "Termination" means the dismissal, whether with or without prejudice, or settlement of this action, or entry of final judgment in this action and the expiration of all periods of time to appeal or seek judicial review of such judgment, and/or the final conclusion of any appeal, including time to seek any further review thereof.

1.8 This action involves commercial, financial, and/or proprietary information for which Plaintiffs contend special protection from public disclosure and from use for any purpose other than in connection with this litigation is warranted. Such confidential and proprietary materials and information consist of, among other things, claimed confidential business or financial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court

rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information one or more of the parties claims to be entitled to keep confidential, to ensure the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>SCOPE AND INTERPRETATION OF THIS ORDER</u>

2.1     This Order shall be applicable to, and shall govern, all (a) requests for production of documents and things; (b) depositions; (c) interrogatories; (d) requests for admission; (e) any other discovery authorized by the Federal Rules of Civil Procedure; and (f) any other letters, communications, mailings, or other exchanges of information or presentation of evidence by the parties in this action not otherwise identified by the preceding descriptions.

2.2     A Designating Party who wishes to keep information confidential pursuant to this Order shall identify with specificity and designate that information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" within ten (10) days of the first production of such information and simultaneously deliver that designation to all other parties via e-mail or overnight mail.  All information properly designated by a Designating Party as "CONFIDENTIAL" or

"CONFIDENTIAL—ATTORNEY'S EYES ONLY" in accordance with this Order shall be used solely for the purposes of this action. Such information may not be used for any business, commercial, or governmental purpose, except by written agreement between the Designating Party and the Receiving Party or upon an order by this Court after reasonable notice and a hearing, at which the Designating and Receiving Parties shall have an opportunity to be heard.

2.3     A party that believes in good faith that any designated information labeled as such by a Designating Party should not properly be deemed "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to this Order may object to such designation by making such an objection in writing and delivering this objection to the Designating Party. The Designating Party shall in such an event have fourteen (14) days from the receipt of any such objection to file a motion with the Court that seeks to maintain the designated information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to this Order. The parties shall continue to treat designated information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" during the pendency of any such motion until a decision on that motion is rendered by the trial court. The parties agree to bear their own costs and attorney's fees in connection with any such motion. The Designating Party shall have the burden of proving that the information is entitled to be treated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" for the purposes of this Order.

2.4     The designation by a Designating Party of any document, thing, or information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to this Order shall be made in good faith and shall be intended solely to facilitate the pre-trial proceedings, preparation, trial, and settlement of this action. Counsel's treatment of designated documents or information in conformity

with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes any proprietary and/or confidential information of any other party. The designation of information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to this Order shall not, in substantive proceedings in this action, excuse or relieve the Designating Party from the burden of proof imposed by the relevant substantive law.

2.5   This Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary material. This Order shall also be without prejudice to the rights of any person to oppose production of any information on any proper ground.

3.   USE AND/OR DISCLOSURE OF PERSONAL IDENTIFYING INFORMATION OF REPORTING PARTIES

3.1   The Parties to this action understand and acknowledge that this Stipulation and Protective Order is designed, in part, to protect the alleged privacy of Reporting Parties while relieving the City of its alleged need to redact such information prior to disclosing responsive documents and information in discovery. Accordingly, the Personal Identifying Information of any Reporting Party is shall be protected within the scope of this Order as follows:

3.2   The Personal Identifying information of any Reporting Party shall be used solely for the purposes of this action.

3.3   The disclosure of the Personal Identifying Information of any Reporting Party pursuant to this Order is not a waiver of the City's right to assert applicable statutory or common-law privilege at any deposition, hearing, or proceeding, or at

trial, nor is such disclosure a waiver of any objection otherwise permitted by the terms of this Order.

  3.4 The Personal Identifying information of any Reporting Party may not be used for any non-litigation business, commercial, or governmental purpose, except by written agreement between the City and the Receiving Party or upon an order by this Court after reasonable notice and a hearing, at which the City and Receiving Parties shall have an opportunity to be heard.

  3.5 The protections of Paragraphs 3.1 through 3.4 shall apply to the Personal Identifying Information of all Reporting Parties without the need for City to separately identify and designate that information as protected.

  3.6 Sections 4 through 7 of this Order shall not apply to the Personal Identifying Information of a Reporting Party, unless the party disclosing such information separately identifies and designates that information as also being "CONFIDENTIAL," or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to Paragraph 2.2.

  4. <u>USE AND/OR DISCLOSURE OF CONFIDENTIAL INFORMATION</u>

  4.1 The Receiving Party and its counsel shall not, directly or indirectly, in whole or in part, disclose any document, information or thing designated "CONFIDENTIAL" during the pendency of its protection, pursuant to section 8, by this Order to any person, except those persons described in Paragraphs 4.2 through 4.7:

  4.2 The Court and its personnel, any jury empaneled in this action, and any other person who may serve in a judicial or quasi-judicial function;

4.3    A professional court reporter engaged to transcribe testimony in this action;

4.4    Any party of record in this action or officer, director, in-house counsel, or employee of a party of record who is actively assisting in the preparation and trial of this litigation;

4.5    Counsel of record and its employees providing active assistance with this litigation (including law clerks, legal assistants, technical assistants, secretaries and clerks of such counsel);

4.6    Expert witnesses and consultants engaged to assist counsel in the defense or prosecution of this action, provided that such expert witnesses and consultants first shall have signed a Confidentiality Agreement in the form attached as Exhibit A; and

4.7    During the course of a deposition, to the person whose deposition is being taken, provided that each deponent to whom disclosure is made first shall have signed a Confidentiality Agreement in the form attached as Exhibit A.

## 5.    USE AND/OR DISCLOSURE OF ATTORNEY'S EYES ONLY INFORMATION

5.1    The Receiving Party and its counsel shall not, directly or indirectly, in whole or in part, disclose any document, information or thing designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" to any person, except those persons described in Paragraphs 5.2 through 5.6:

5.2    The Court and its personnel, any jury empanelled in this action and any other person who may serve in a judicial or quasi-judicial function;

5.3 A professional court reporter engaged to transcribe testimony in this action;

5.4 Counsel for the parties and their employees providing active assistance with this litigation (including law clerks, legal assistants, technical assistants, secretaries and clerks of such counsel);

5.5 Expert witnesses and consultants engaged to assist counsel in the defense or prosecution of this action, provided that such expert witnesses and consultants first shall have signed a Confidentiality Agreement in the form attached as Exhibit A; and

5.6 During the course of a deposition, to the person whose deposition is being taken, provided that each deponent to whom disclosure is made first shall have signed a Confidentiality Agreement in the form attached as Exhibit A. Persons shown documents or information designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" under this Paragraph shall not be allowed to retain copies thereof.

5.7 The designation of information as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall not preclude counsel from relying upon such material in the course of providing legal advice to the parties in this action; provided, however that counsel shall not disclose the contents of any "CONFIDENTIAL—ATTORNEY'S EYES ONLY" information in the course of providing legal advice.

6. USE OF CONFIDENTIAL INFORMATION AND ATTORNEY'S EYES ONLY INFORMATION AT DEPOSITIONS

6.1 Upon the good faith assertion by counsel for the Designating Party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential Information or Attorney's Eyes Only Information, any person not entitled under the pertinent provisions of Sections 4 and 5 to access to Confidential Information or Attorney's Eyes Only Information shall leave the

8

deposition or hearing until the question or line of questions is completed, unless otherwise ordered by the Court. The Confidential Information or Attorney's Eyes Only Information disclosed at the deposition or hearing shall not, directly or indirectly, in whole or in part, be used with, disclosed or made available to any person, except those persons set forth, with respect to Confidential Information or Attorney's Eyes Only Information, in Sections 4 and 5.

6.2   Information disclosed at the deposition of the Designating Party or its present or former officers, directors, employees, agents or independent consultants may be designated as Confidential Information or Attorney's Eyes Only Information either (a) on the record at the deposition, or (b) by serving a written notification on the other parties and any involved deponent pursuant to the provisions of Paragraphs 2.2 and 2.3.

7.   <u>DESIGNATED CONFIDENTIAL INFORMATION AND ATTORNEY'S EYES ONLY INFORMATION AND COURT PROCEEDINGS OR FILINGS</u>

7.1   If the parties believe it is necessary to submit with any motion, or as evidence in any proceeding in this action, any documents containing Confidential Information or Attorney's Eyes Only Information, the parties shall comply with the provisions of Rules 2.550 and 2.551 of the California Rules of Court. The parties agree not to oppose any motion to file materials under seal, unless any material sought to be filed under seal is the subject of a dispute between the parties under Paragraph 2.3 of this Order, which has not been resolved at the time the motion to seal is filed.

7.2   All documents (or other appropriate sealed container) containing Confidential Information or Attorney's Eyes Only Information filed with the Court in

connection with any motion or proceeding shall be endorsed with the following legend:

### "**FILED UNDER SEAL**"

Contains information designated "CONFIDENTIAL[—ATTORNEY'S EYES ONLY]" that is subject to a pending motion to file the record under seal."

7.3 Confidential Information and Attorney's Eyes Only Information shall be filed in separate envelopes and marked accordingly.

7.4 Except as filed with the Court in accordance with this Order and except as otherwise may be required by law, all documents, information, and things designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be maintained separately and at all times in the custody of individuals to whom access may be given under this stipulation who, as applicable, have each executed a Confidentiality Agreement in the form of Exhibit A.

8. TERMINATION OF THIS ACTION

8.1 Within sixty (60) days after Termination of this action, the original and all copies of each document and thing produced in discovery and, other than attorney work product, any notes, summaries, abstracts or portions of any such document or thing, including archival copies of counsel and copies given to any expert or other person pursuant to this Order, which contain Confidential Information or Attorney's Eyes Only Information shall (unless contrary to the Court's rulings in this action) be either delivered to counsel for the Designating Party or, at the option of the Receiving

Party, shall be destroyed by the party on possession of such documents or things, except that this deadline shall be extended if there exists any other related litigation between the parties in any forum. If the Receiving Party elects to have documents or things embodying Confidential Information or Attorney's Eyes Only Information destroyed, the party in possession of such documents or things shall, within sixty (60) days of Termination, certify to the Designating Party under penalty of perjury that such destruction has been completed.

      8.2    This Order and the obligations of all persons subject to it, shall survive the Termination of this case. The Court shall retain jurisdiction to modify this Order, and over all persons and parties bound by this Order for the purposes of its enforcement.

9. **MISCELLANEOUS**

      9.1    If any authority subpoenas or orders production of Confidential Information or Attorney's Eyes Only Information that a Receiving Party has obtained under the terms of this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order and, absent a court order, shall not produce the information until the Designating Party has had reasonable time (at least 14 days) to object or take other appropriate steps to protect the information.

      9.2    When any attorney of record in this action becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall promptly report to the Court and to the Designating Party that there may have been a violation of this Order.

      9.3    Execution and entry of this Order shall not prevent a party to this action from seeking upon application to this Court to modify this Order for good cause

11

STIPULATION AND PROTECTIVE ORDER
CASE NO. 8:15-cv-01611-CJC-JCG

shown or from seeking such other relief upon good cause shown as may become appropriate or necessary.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 30, 2017         **STRIS & MAHER LLP**

/s/ Peter K. Stris
Peter K. Stris

*Attorneys for Plaintiffs*
Dual Diagnosis Treatment Center, Inc., Satya Health of California, Inc., and Vedanta Laboratories, Inc.

**BEST, BEST & KRIEGER LLP**

/s/ Daniel S. Shimell
Daniel S. Shimell

*Attorneys for Defendants*

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(l), Daniel S. Shimell hereby attests that concurrence in the filing of this document and its contents was obtained from all signatories listed.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:     June 30, 2017             _____
                                      Hon. Jay C. Gandhi
                                      United States Magistrate Judge

12
STIPULATION AND PROTECTIVE ORDER
CASE NO. 8:15-cv-01611-CJC-JCG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DUAL DIAGNOSIS TREATMENT CENTER, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN CLEMENTE, et al.,<br><br>Defendants. | Case No. 8:15-cv-01611-CJC-JCG<br>Judge: Hon. Cormac J. Carney<br><br>**EXHIBIT A: CONFIDENTIALITY AGREEMENT** |

EXHIBIT A

# **EXHIBIT A**

I, _____, declare:

1. I have read and understand the Protective Order to which this Exhibit A is annexed and I understand that, as permitted by the Protective Order, access to documents, information or things designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" may be provided to me and that such access is pursuant to the terms, conditions, and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any document, information, or thing designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY." If I fail to abide by the terms of this Confidentiality Agreement or the Protective Order, I understand that I shall be subject to sanctions, including contempt of this Court.

3. I agree to submit to the jurisdiction of this Court for the limited purpose of resolving disputes relating to this Protective Order and the documents, information and things it governs.


Dated: _____    Signature: _____

55452.02110\29892809.1